IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br>vs<br>1) ANGEL CRUZ-PEREZ<br>(Counts 1, 2, 3)<br>2) ISRAEL RUIZ-QUIÑONES<br>(Counts 1, 2, 3)<br>3) CARLOS J. RODRIGUEZ-LUGO<br>(Counts 1, 2, 3)<br>**4) JOSE A. VAZQUEZ-CASTRO**<br>(Counts 1, 2, 3)<br>5) HECTOR COLON-AVILEZ<br>(Counts 1, 2, 3)<br>6) LUIS MIGUEL CABALLERO-RUIZ<br>(Counts 1, 2, 3) 4) JOSE A. VAZQUEZ-CASTRO<br>Defendant | CRIMINAL 06-0210CCC |

**O R D E R**

Defendant José Vázquez-Castro's verbal Fed.R.Crim.P. 29(a) motion addresses only the third count of the Indictment, a section 924(c)(1)(A) and 924 (c)(1)(A)(1) violation, which charges him and five other co-defendants with aiding and abetting each other in possessing, using and carrying a firearm in furtherance of a drug trafficking offense as charged in Counts One or Two.  Count One charges a conspiracy against defendant Vazquez-Castro and the other co-defendants to possess with intent to distribute 5 kilograms or more of cocaine.

In U.S. v. Medina-Román, 376 F.3d 1, 3 n. 4 (1st Cir. 2004), the Court made the following observation: "It is true that a jury may be instructed to consider the liability theory established in Pinkerton v. U.S., 66 S.Ct. 1180 (1946), as an alternative grounds for conviction under section 924(c)(1) in addition to an aiding and abetting theory under 18 U.S.C. section  2." The Court cited U.S. v. Shea, 150 F.3d 44, 49-51 (1st Cir 1988), where the Court asserted "[w]e agree with a number of our sister circuits that Pinkerton liability attaches to the use-or-carrying-of-a-firearm offense proscribed in section 924(c)" and

CRIMINAL 06-0210CCC                                             2

explicitly stated its "view that a jury may be instructed on Pinkerton liability in connection with a charged violation of section 924(c) either as a sole or as an alternative theory of liability." In U.S. v. Masotto, 73 F.3d 1233 (2d Cir. 1996), the district court instructed the jury as to two alternative theories of liability: aider and abettor liability and liability for the foreseeable acts of co-conspirators in furtherance of the conspiracy pursuant to Pinkerton v. U.S., supra. The Court reiterated that "a Pinkerton instruction may be given as an alternative theory of liability under section 924(c)." Masotto, 73 F.3d at 1240. In order to convict for a violation of section 924(c) under a Pinkerton theory of liability, the jury must find that the defendant was a member of a conspiracy and that the use or carrying of a firearm was reasonably foreseeable and in furtherance of that conspiracy. Although these cases were all decided in the context of errors raised on appeal regarding a Pinkerton instruction as an alternative theory of liability to the aiding and abetting theory charged in the indictments, they are applicable to a Rule 29(a) analysis on whether the evidence presented by the government against defendant in its case in chief is insufficient to sustain a conviction on Count Three. Both the government and defendant have raised arguments for and against a finding that the use or carrying of the weapon was foreseeable to Vázquez-Castro based on the evidence presented by the government in its case in chief. Since defendant has conceded that he lacks arguments in support of a Rule 29 motion for judgment of acquittal on the conspiracy charge, the Court understands that the first requirement for Pinkerton liability to attach is met, that is, that defendant is an alleged member of the drug conspiracy charged in Count One. As to the second requirement regarding that a weapon would be used or carried in furtherance of the drug trafficking conspiracy being reasonably foreseeable to defendant, the evidence presented involved a substantial amount of cocaine that would be transported to a restaurant in Caguas by co-conspirators whose recorded conversations showed them to be experienced in the drug trade. Defendant, as a member of the drug conspiracy, could reasonably foresee

CRIMINAL 06-0210CCC                         3

the use or carrying of weapons during the transaction in order to protect the drugs and the persons involved in the sale.

The Court will instruct the jury on the aiding and abetting theory of liability charged in the Indictment. However, since both parties argued the foreseeability factor during the Rule 29(a) discussion, a factor which is not an element of the standard of proof of the aiding and abetting theory, the Court finds that its Rule 29(a) analysis on the alternative Pinkerton theory of liability is justified.

Accordingly, defendant's Fed.R.Crim.P. 29(a) motion is DENIED.

SO ORDERED.

At San Juan, Puerto Rico, on December 9, 2008.

                                                S/CARMEN CONSUELO CEREZO
                                                United States District Judge